UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.                                                      **DECISION AND ORDER**

                                                           10-MJ-1134

VALERIE BURZYNSKI,

                                    Defendant.
_____

      Defendant Valerie Burzynski has filed a motion seeking the expungement of her criminal record [37].[1] For the reasons stated below, the motion is denied.


## BACKGROUND

      On December 17, 2010, defendant pled guilty to a misdemeanor information charging her with a violation of 18 U.S.C. §371 based upon the unauthorized use of a credit card [4]. *See* Misdemeanor Information [2]; Plea Agreement [3], ¶5. On December 12, 2012, I sentenced her to a term of probation of one year, restitution in the amount of $281.76, and a special assessment of $25.00 [33]. Defendant paid the restitution and special assessment as directed [36]. The record does not reflect that she ever violated the terms of her probation.  She now seeks to have her record expunged.

_____

[1]   The parties consented to proceed before me with respect to the adjudication of the misdemeanor information underlying Burzynski's conviction [1].

## ANALYSIS

### A.  JURISDICTION

There is a substantial question as to whether I have jurisdiction to expunge the record of a valid criminal conviction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). However, the doctrine of ancillary jurisdiction "recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." Id. at 378.

In Kokkonen, the Supreme Court limited ancillary jurisdiction of collateral proceedings to instances where it is necessary "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Id. at 379-80.

At this time, no constitutional provision or federal statute grants federal courts the power to expunge a valid criminal conviction on equitable grounds. *See* Doe v. United States, 110 F. Supp. 3d 448, 453, n.13 (E.D.N.Y. 2015) ["Doe I"][2] (noting that two recent bills in Congress would have created federal expungement authority for nonviolent offenses but that neither advanced to a vote).

Most circuit courts that have considered the issue post-Kokkonen have determined that the federal courts lack jurisdiction to expunge a valid criminal conviction. *See* United States v. Field, 756 F.3d 911, 915-16 (6th Cir. 2014) (collecting cases); United States v. Coloian, 480 F.3d 47, 52 (1st Cir. 2007); United States v. Rowlands, 451 F.3d 173, 178 (3d Cir.

---

[2]   I refer to this case as "Doe I" to distinguish it from a similarly named case discussed below.

2006); United States v. Meyer, 439 F.3d 855, 860 (8th Cir. 2006); United States v. Sumner, 226 F.3d 1005, 1014 (9th Cir. 2000).[3]

 The Second Circuit has not revisited the issue of ancillary jurisdiction to expunge criminal records post-Kokkonen. In a decision that pre-dated Kokkonen, the Second Circuit held that expungement of arrest records "lies within the equitable discretion of the court". United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977). However, the court in Schnitzer cautioned that "the power to expunge . . . should be reserved for the unusual or extreme case". Id. As examples of such extreme circumstances, the court cited "mass arrests render[ing] a judicial determination of probable cause impossible," or arrests based on a statute later found to be unconstitutional. Id. at 539-40. The court did not indicate whether such discretionary authority includes the power to expunge records of valid convictions.

 In a pair of cases, Doe I and Doe v. United States, 2016 WL 929316 (E.D.N.Y. 2016) ["Doe II"][4], District Judge John Gleeson determined that jurisdiction to expunge a valid conviction existed under the test set out in Kokkonen. Doe I, 110 F.Supp.3d at 454, n.16.[5]

---

[3] Other courts have held that jurisdiction to expunge exists post-Kokkonen. In Camfield v. City of Oklahoma, 248 F.3d 1214 (10th Cir. 2001), the Tenth Circuit, citing to pre-Kokkonen cases, stated that "[i]t is well settled in this circuit that courts have inherent equitable authority to order the expungement of an arrest record or a conviction in rare or extreme instances". Camfield, 248 F.3d at 1234. The court did not discuss Kokkonen. In any event, Camfield, sought expungement of "personally identifiable information" from police records that linked him to a pornography investigation, and did not involve a criminal conviction.  In United States v. Flowers, 389 F.3d 737, 738-39 (7th Cir. 2004), the Seventh Circuit held that an individual may seek expungement of a criminal conviction from records maintained by the judicial branch, but not those of the executive branch. Flowers also failed to discuss Kokkonen.

[4] These cases are unrelated.

[5] Judge Gleeson held that an expungement proceeding satisfies Kokkonen because it involves an exercise of discretion which must be informed by the facts underlying the conviction and sentence (factually interdependent) and "few things could be more essential to 'the conduct of federal-court business' than the appropriateness of expunging the public records that business creates". Doe I, 110 F. Supp. 3d at 455.

However, the majority of the district courts in this circuit continue to question whether such jurisdiction exists post-Kokkonen. *See e.g.* Lucky v. United States, 2016 WL 525474 (E.D.N.Y. 2016); Atori v. United States, 2016 WL 525469 (E.D.N.Y.  2016); Palmer v. United States, 2016 WL 525473 (E.D.N.Y. 2016); United States v. DeBerry, 2013 WL 6816626, at *1 (W.D.N.Y. 2013) (Schroeder, M.J.); United States v. Williams, 2012 WL 3886309 (W.D.N.Y.  2012) (Schroeder, M.J.); United States v. Barlow, 2012 WL 125150 (W.D.N.Y. 2012) (Arcara, D.J.).

In sum, the question of whether federal courts have jurisdiction to consider a motion to expunge a valid criminal conviction remains unsettled. However, even if jurisdiction did exist, I would deny defendant's application for the following reasons.

## B.   Extreme Circumstances Warranting Expungement

A motion for expungement may be granted only in an "unusual or extreme case" after considering a "delicate balancing of the equities". Schnitzer, 567 F.2d at 539. In support of her motion for expungement, defendant states that she has enrolled in school to become a medical assistant, and that her conviction is preventing her from getting a job in the "home care" field [37], p.2.

Most courts which have considered this issue have concluded that difficulties in securing employment do not meet the demanding standard in Schnitzer. *See* Lucky, 2016 WL 525474, *3 (collecting cases); DeBerry, 2013 WL 6816626, *2; Barlow, 2012 WL 125150, *2. The employment difficulties faced by defendant, while serious, do not appear any more extreme or unjust than those faced by any other person with a criminal record. Indeed, in Atori, the court refused to expunge the criminal record of an individual who, like defendant, claimed that her conviction was preventing her from obtaining employment as a home health aide. Atori, 2016 WL 525469, *3.

I am not unsympathetic defendant's plight. In <u>Stephenson v. United States</u>, 2015 WL 5884810, *3 (E.D.N.Y. 2015), the court cited an impressive body of proof that unemployment is strongly linked with recidivism. The State of New York has taken steps to reduce unjust discrimination against persons with conviction in licensing decisions. Licensing agencies and employers are generally prohibited from discriminating on the basis of criminal history. *See* N.Y. Executive Law §296(15); N.Y. Corrections Law §752. This general prohibition advances the rehabilitation and reintegration goals of the Penal Law and the statutes are intended to facilitate ex-offenders' efforts to obtain gainful employment. <u>Acosta v. New York City Dep't of Educ.</u>, 16 N.Y.3d 309, 320 (2011).

Thus, state law prohibits the denial of employment based on a criminal record, unless there is a "direct relationship" to the offense of conviction. *See* <u>Gomelskaya v. United States</u>, 2015 WL 4987838, *2 (citing N.Y. Executive Law §296(15) and N.Y. Corrections Law §§750-753). Even in the case of a direct relationship, a potential employer must consider a number of other factors, including the time elapsed since the offense, any proof of rehabilitation or good conduct, and the age of the applicant. *See* N.Y. Corrections Law §753. If an applicant is ultimately denied employment, she is entitled to a written statement explaining the reasons for the denial. <u>Id.</u>, §754. Finally, despite the fact that defendant was convicted of a federal crime, she may seek a Certificate of Relief from Civil Disabilities in New York State Supreme Court. <u>Id.</u>, §704; *see also* <u>In re Helmsley</u>, 575 N.Y.S.2d 1009 (Sup. Ct. 1991). Such a certificate "shall create a presumption of rehabilitation," and an employer is required to consider it. N.Y. Corrections Law §753(2).

\

**CONCLUSION**

For the reasons stated above, the defendant's motion to expunge is denied without prejudice. Defendant may submit a future motion in the event that her circumstances, or the law relating to expungement, materially changes.

Dated: April 22, 2016

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge